IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-2593

**Danielle Kanczes,**
         **Plaintiff,**

v.

**City of Greeley; Weld County, Colorado;
Housing Authority of the City of Greeley;
Weld County Housing Authority;
and Tom Teixeria,**
         **Defendants.**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Danielle Kanczes ("Plaintiff"), by and through her attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendants City of Greeley; Weld County, Colorado; Housing Authority of the City of Greeley; Weld County Housing Authority and Tom Teixeria (collectively "Defendant" or "Defendants"), and in support thereof she states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiff lawful overtime compensation for all hours worked in excess of forty (40) hours per week.

2.  Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO").

3.  Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II.  JURISDICTION AND VENUE

4.  The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.  Defendants do business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.  This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7.  The witnesses to the wage violations herein reside in this District.

8.  The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.  THE PARTIES

9.  Plaintiff is a resident and citizen of Larimer County.

10. Defendant City of Greeley is a municipality and is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203(d).

11. Defendant City of Greeley can be served through its city manager, who is Roy Otto, at 1000 10th Street, Greeley, Colorado 80631.

12. Defendant Weld County is a geographical and political subdivision of the state of Colorado.

13. Defendant Weld County can be served through its county clerk, who is Carly Koppes, at 1402 North 17th Avenue, Greeley, Colorado 80631.

14. Defendant Housing Authority of the City of Greeley ("Greeley Housing Authority") is a governmental agency or political subdivision of the state of Colorado and is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203(d).

15. Defendant Greeley Housing Authority can be served through its Executive Director, who is Tom Teixeria, at 903 6th Street, Greeley, Colorado 80632.

16. Defendant Weld County Housing Authority ("Weld Housing Authority") is a governmental agency or political subdivision of the state of Colorado and is an employer subject to the FLSA as a public agency pursuant to 29 U.S.C. § 203(d).

17. Defendant Weld Housing Authority can be served through its Executive Director, who is Tom Teixeria, at 903 6th Street, Greeley, Colorado 80632.

18. Defendant Tom Teixeria is the Executive Director of Greeley Housing Authority and Weld Housing Authority.

19. Defendants Greeley Housing Authority and Weld Housing Authority maintain a website at http://www.greeley-weldha.org/.

## IV. FACTUAL ALLEGATIONS

20. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

21. Defendants have unified operational control and management of the Greeley Housing Authority and Weld Housing Authority, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

22. As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

23. Defendants are an "employer" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

24. Defendants Greeley Housing Authority and Weld Housing Authority's primary business is affordable housing program management.

25. Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

26. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

27. Plaintiff was employed by Defendants within the three (3) years preceding the filing of this Original Complaint.

28. Specifically, Plaintiff was employed by Defendants from March of 2018 to January of 2020 as an hourly-paid bookkeeper.

29. Plaintiff's job duties included, but were not limited to, managing the Defendants' properties and financial records, handling reconciliations and work orders, and transferring bank information.

30. Plaintiff was paid an hourly rate.

31. Plaintiff regularly worked in excess of 40 hours/week throughout her tenure with Defendants.

32. Defendants frequently shaved Plaintiff's hours so that her paycheck compensated her for fewer hours than she actually worked.

33. As a result, Defendants did not pay Plaintiff an overtime premium of one and one-half times her regular hourly rate for all of her hours worked in excess of forty (40) in a week.

34. At all relevant times herein, Defendants directly hired Plaintiff to work on their behalf, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

35. Defendants knew or showed reckless disregard for whether the way they paid Plaintiff violated the FLSA.

## V.   FIRST CLAIM FOR RELIEF
### (Claim for Violation of the FLSA)

36. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

37.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

38.     Defendants classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

39.     Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times her regular rate for all hours worked in excess of 40 for the duration of Plaintiff's employment with Defendants.

40.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

41.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint.

42.     Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

Page 6 of 9
Danielle Kanczes v. City of Greeley, et al.
U.S.D.C. (D. Colo.) No. 1:20-cv-2593
Original Complaint

## VI.     SECOND CLAIM FOR RELIEF
### (Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, C.C.R. § 1103-1)

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62.     Plaintiff regularly worked more than forty (40) hours per workweek.

63.     Defendants failed to properly pay Plaintiff overtime wages at a rate of not less than one and one-half (1.5) times her regular rate of pay for all hours worked over 40.

64.     Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

65.     Because Defendants willfully violated the CWA and CMWO, a three (3) year statute of limitations shall apply to such violations.

66.     As a result of Defendants' policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Danielle Kanczes respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.     That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

B.     A declaratory judgment that Defendants' practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D. Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E. A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F. Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G. An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DANIELLE KANCZES**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Colo. Bar No. 44358
josh@sanfordlawfirm.com